IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No.: 5:22-cv-00513

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH M. KAYLOR, EASTERN FABRICATORS, LLC and FREDERICK BRUNSON, | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION

Plaintiff, Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, hereby files this Complaint seeking Declaratory Judgment against Defendants, Joseph Kaylor ("Kaylor"), Eastern Fabricators, LLC ("Eastern Fabricators"), and Fredrick Brunson ("Brunson") for purposes of determining a question of actual, immediate controversy between the parties. Scottsdale respectfully shows the Court as follows:

## PARTIES

1. At all pertinent times to this action, Scottsdale was, and still is, a company organized and existing under the laws of the State of Ohio with its principal place of business in the State of Arizona.

2. Upon information and belief, Defendant Brunson is a citizen and resident of Wake County, North Carolina.

3. Upon information and belief, Defendant Kaylor is a citizen and resident of Floyd County, Virginia.

4. Upon information and belief, Defendant Eastern Fabricators is a limited liability company organized and existing under the laws of the State of Virginia with its principal place of business in Montgomery County, Virginia. Upon information and belief, Defendant Kaylor, a resident of Floyd County, Virginia, is the sole member of Eastern Fabricators,

5. Scottsdale issued Policy No. CPS2783142 to Defendant Eastern Fabricators for the period February 4, 2018 to February 4, 2019 (the "2018-2019 Policy"). A copy of the Policy is attached hereto as **Exhibit "A**

6. Scottsdale issued Policy No. CPS2956963 for the period February 4, 2019 to February 4, 2020 (the "2019-2020 Policy"), with Eastern Fabricators listed as the named insured. A copy of the Policy is attached hereto as **Exhibit "B."**

7. Scottsdale issued Policy No. CPS3925014 for the period February 4, 2020 to March 18, 2020 (the "2020 Policy"), with Eastern Fabricators listed as the named insured. A copy of the Policy is attached hereto as **Exhibit "C."**

8. The 2018-2019 Policy, the 2019-2020 Policy, and the 2020 Policy are hereinafter collectively referred to as the "Policies".

9. On November 5, 2020, Defendant Brunson filed an amended complaint in Wake County Superior Court against Charles L. Long and Defendant Kaylor in a lawsuit styled *Fredrick Brunson v. Charles L. Long, et al.*, Case No. 20 CVS 010531 (the "Underlying Lawsuit"), naming Defendant Kaylor and Defendant Eastern Fabricators (*inter alia*) as defendants. A copy of the amended complaint in the Underlying Lawsuit ("Complaint") is attached hereto as **Exhibit "D."**

10. Scottsdale retained counsel for Defendant Eastern Fabricators and Defendant and is providing Defendants Eastern Fabricators and Defendant Kaylor with a defense in the Underlying Lawsuit subject to a reservation of rights under the Policy.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Plaintiff and the Defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees and costs.

12. Venue is proper in the United States District Court for the Eastern District of North Carolina, Western Division, because at least one Defendant resides in this District and because the events giving rise to the basis of the Underlying Lawsuit occurred in this District.

## NATURE OF CLAIM

13. This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, for the purpose of construing and interpreting the terms of an insurance contract and for a determination of the rights and obligations, if any, of the parties arising from the Policy.

14. An actual, present and existing controversy exists among the parties to this lawsuit regarding the rights and obligations, if any, of the parties with respect to the Underlying Lawsuit.

15. All conditions precedent to the filing of this action have been performed or have occurred.

16. Count I of this Complaint seeks rescission of the Policies due to material misrepresentations by Defendant Kaylor, as a duly authorized representative of Eastern Fabricators, on the applications for insurance submitted to Scottsdale.

17. Scottsdale seeks declaration that the liability policies issued to Eastern Fabricators were issued in reliance upon material misrepresentations and/or omissions of fact and that, consequently, Scottsdale in entitled to rescind the Policies void *ab initio*.

18. In addition to the foregoing policy provisions, Scottsdale pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which also may be

Case 5:22-cv-00513-BO-RJ   Document 1   Filed 12/14/22   Page 3 of 7
PD.37455008.2
3

found applicable, and Scottsdale reserves the right to further amend its Complaint for Declaratory Judgment and Rescission as additional and/or more specific information becomes available.

## UNDERLYING LAWSUIT

19. In the Underlying Lawsuit, Defendant Brunson alleges that Charles Long hired Defendant Eastern Fabricators and its principal Defendant Kaylor to serve as "project manager" for the construction of a single family home located at 2315 Beechridge Road, Raleigh, North Carolina ("Project"). Defendant Brunson alleges that Defendant Eastern Fabricators and Defendant Kaylor, although not licensed as a general contractor, was serving as the *de facto* "general contractor" due to the nature of the day-to-day supervisory and management duties and responsibilities performed on the Project. Further, Defendant Brunson alleges that Defendant Eastern Fabricators and Defendant Kaylor were vested with "joint control" of the Project and were delegated "many of the day to day supervisory and management responsibilities."

20. Defendant Brunson alleges that he was working on the Project as an HVAC technician hired to install the subject home's HVAC system.

21. According to Defendant Brunson, on February 8, 2018, he was instructed by his supervisor to install a return duct on a first floor wall, but that there was a large wooden beam blocking access to his work area.

22. Defendant Brunson alleges that this beam had been installed the month prior to assist in the installation of drywall or framing, and that he and his employer had asked Defendant Eastern Fabricators and Defendant Kaylor (as the "general contractor" and "project manager") to remove the same in advance of their performing their HVAC work.

23. Defendant Brunson alleges he was provided no further instructions, and that there were no fall protection or safety measures implemented by Defendant Eastern Fabricators or Defendant Kaylor.

24. According to Defendant Brunson, when he tried to make his way across the beam to assess how to remove it, the beam broke from its moorings and Plaintiff fell 20 feet to the concrete floor below.

25. Defendant Brunson brings claims for negligence and gross negligence against Defendant Eastern Fabricators and Defendant Kaylor and seeks to recover actual and punitive damages.

## THE APPLICATIONS

26. Defendant Kaylor, on behalf of Defendant Eastern Fabricators, submitted a Commercial Insurance Application for Commercial General Liability on February 3, 2016, and a separate Welding, Brazing and Cutting General Liability Supplemental Application for the Renewal of coverage on February 8, 2018 (collectively, the "Applications") for a commercial lines insurance policy to Scottsdale, attached hereto as **Exhibit "E."**

27. In the Applications, Defendant Kaylor made the following representations (*inter alia*) on behalf Eastern Fabricators:

    a. Applicant performs only metal fabrication and welding,

    b. Applicant does not subcontract work to others;

    c. Applicant does not perform demolition operations,

    d. Applicant did not disclose any type position held as a supervisor or a general contractor under the portion of the Application requesting the applicant to "Describe 'other' work".

28. In reliance upon the representations set forth in the Application, Scottsdale issued the 2018-2019 Policy, the 2019-2020 Policy, and the 2020-2021 Policy.

29. Specifically, the declarations pages of the Policies each identify Eastern Fabricators scope of work as "Metal Fabrication and Welding."

30. The Policies further provide that, "by accepting this policy, you agree: a. The statements in the declarations are accurate and complete; b. Those statements are based upon

representations you made to us; and c. We have issued this policy in reliance upon your representations." (Policy Form CG 00 01 04 13.)

31. Upon information and belief, the representations listed in the Applications regarding Defendant Eastern Fabricators (and Defendant Kaylor's) scope of work were false and/or did not disclose all scope of work in its full extent.

32. Specifically, on the very same day that Defendant Brunson allegedly fell during his work on the Project (February 8, 2018), Defendant Kaylor submitted the Welding, Brazing and Cutting General Liability Supplemental Application to Scottsdale, representing that its scope of work was limited to metal fabrication and welding operations. In fact, both before, during and after February 8, 2018, Defendant Eastern Fabricators and Defendant Kaylor were actually performing work as a general contractor as alleged in the Underlying Lawsuit.

## COUNT I – DECLARATORY JUDGMENT FOR RESCISSION

33. Scottsdale adopts and incorporates by reference all the allegations contained in Paragraphs 1 through __ as though fully set forth herein.

34. Scottsdale, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeks a declaratory judgment that it may rescind the Policies based upon Defendant Kaylors's material misrepresentations and/or omissions on behalf of Defendant Eastern Fabricators in the Applications for the Policy. Such a declaration will confer certain on the parties with respect to their rights and obligations under the Policy and will therefore serve the interests of justice.

35. Upon information and belief, Kaylor, as a duly authorized representative of Eastern Fabricators, made material misrepresentations and/or omissions in the Applications related to the scope of Eastern Fabricators' scope of work.

36. Specifically, Defendant Kaylor represented that Eastern Fabricators operations were limited to metal fabrication and welding operations, and did not disclose that he and

Eastern Fabricators were actually performing general contractor and project manager operations.

37. Scottsdale relied upon and was influenced by these representations in evaluating the risk of issuing the Policies and fixing the rate of the premium under the Policies.

38. Under these circumstances, Scottsdale contends it is entitled to rescind the Policies pursuant to N.C. Gen. Stat. § 58-3-10 and other applicable law.

WHEREFORE, Plaintiff Scottsdale prays that this Honorable Court:

(a) Enter a declaratory judgment declaring that Plaintiff, Scottsdale, may rescind the 2018-2019 Policy, and thus the 2018-2019 Policy is void ab initio;

(b) Enter a declaratory judgment declaring that Plaintiff, Scottsdale, may rescind the 2019-2020 Policy, and thus the 2019-2020 Policy is void ab initio

(c) Enter a declaratory judgment declaring that Plaintiff, Scottsdale, may rescind the 2020-2021 Policy, and thus the 2020-2021 Policy is void ab initio

(d) award Plaintiff, Scottsdale, the costs of this action; and

(e) award any other relief the Court deems just and proper.

Respectfully submitted this the 14th day of December 2022.

> s/ Robert M. Kennedy, Jr.
> Robert M. Kennedy, Jr.
> N.C. State Bar No. 36865
> Phelps Dunbar LLC
> 4141 ParkLake Avenue, Suite 530
> Raleigh, North Carolina 27612
> robert.kennedy@phelps.com
> Phone: (919) 789-5300
> Fax: (919) 789-5301
>
> *Attorney for Plaintiff Scottsdale Insurance Company*